MARY L. BARTON, TRUSTEE UNDER WILL OF OTIS BARTON, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12934.    Promulgated January 8, 1927.

Where the entire income from property held in trust is distributed annually by the trustee to the beneficiaries of the trust pursuant to the discretion reposed in the trustee by the provisions of the trust instrument, *held*, that the income is distributed periodi-

cally within the meaning of section 219 (a) (4) of the Revenue Acts of 1918 and 1921, and the beneficiaries are liable for the tax on the amounts received.

*Lafayette R. Chamberlin, Esq.*, for the petitioner.
*A. George Bouchard, Esq.*, for the respondent.

This proceeding results from the determination by respondent of deficiencies totaling $10,666.99 for the years 1920 to 1923, inclusive. The respondent determined the income of the trust was distributable at the petitioner's discretion and was taxable to her as trustee, under the provisions of section 219 of the Revenue Acts of 1918 and 1921, as interpreted by him in article 342 of Regulations 45 and 62. The petitioner contends the income of the trust was taxable to the beneficiaries under section 219 (d), as income within the class specified in section 219 (a) (4) of the Revenue Acts of 1918 and 1921, and urges that the provisions of article 342 of Regulations 45 and 62 are inapplicable to the facts in this proceeding, or, if applicable, the article is not in accord with the statutory provisions it purports to interpret.

### FINDINGS OF FACT.

Otis Barton, the father-in-law of the petitioner, died in 1913, leaving a will which was executed in 1904. The paragraph of the will material to this proceeding, reads:

VIII. I give, bequeath and devise all the rest, residue and remainder of my estate, real, personal and mixed, wherever found and however described, to my said son, Frederick O. Barton, and his heirs.

After the execution of this will, Frederick O. Barton died and Otis Barton executed a codicil in June, 1904, the pertinent part of which is as follows:

VII. I direct that the rest, residue and remainder of my estate, given, bequeathed and devised to my son, Frederick O. Barton, and his heirs, and which will at my decease become the property of my grandchildren, Otis Barton, Jr., Francis Lowell Barton, Ellen Randolph Barton and Mary Lowell Barton, be held in trust for them by their mother, Mary L. Barton, until they reach the age of twenty-five years, and I direct said trustee to manage and improve said property, invest and reinvest the same, and pay over to them such part of the net interest and income thereof as in her discretion shall seem best.

The will and codicil, together with another codicil not material here, were duly admitted to probate under the laws of New Hampshire and the estate committed to the named executor. The petitioner, the widow of Frederick O. Barton and the mother of the beneficiaries, was appointed trustee under the will of Otis Barton on or about April 9, 1913. In 1920 the ages of the grandchildren, beneficiaries under the will, were: Otis 19, Ellen 20, Mary 19, and Francis 17. The assets placed in trust by the above-quoted paragraphs of

the will and codicil were turned over to the petitioner as trustee during the year 1916.   Thereafter, down to the date of hearing, the petitioner has paid over to the children all of the income that has annually accrued, or used it for their support, maintenance and education. During the years 1920 to 1923, inclusive, she distributed to the children or for their support, maintenance and education, all of the income that accrued during those respective years from the trust property.   It was necessary for the petitioner during the years in question to distribute the entire income of the trust for the support, maintenance and education of the children.   The same method of distribution which was followed by petitioner in 1920 to 1923, inclusive, had been followed by her in the previous years, 1916, 1917, 1918, and 1919.

During 1922, Ellen, one of the beneficiaries, died, and petitioner, who as the mother of the deceased beneficiary was the sole heir, transferred the principal of the trust fund received by her as heir into the trust fund.   Thereafter, down to the date of hearing, she continued to distribute the income from the trust fund to the remaining three beneficiaries.

The petitioner reported the income from the trust fund on Form 1041, and the several beneficiaries returned their distributive shares of the income and paid the tax thereon.   The respondent determined that the entire income of the trust was taxable to the fiduciary under article 342 of Regulations 45 and 62, issued certificates of over-assessment to the beneficiaries, and determined the deficiencies against the petitioner here under consideration.

### OPINION.

MILLIKEN: The question involved in this appeal relates to the proper interpretation and construction of section 219 of the Revenue Acts of 1918 and 1921, and whether article 342 of Regulations 45 and 62 is in conformity with the statutes of which it purports to be a fair and reasonable interpretation.   Article 342 of Regulations 45 reads as follows:

Where, under the terms of the will or deed the trustee may in his discretion distribute the income or accumulate it, the income is taxed to the trustee, irrespective of the exercise of his discretion.

The pertinent part of article 342 of Regulations 62 is substantially similar.

This Board has considered article 342 in two previous cases, namely, *Appeal of William E. Scripps*, 1 B. T. A. 491, and *Appeal of Brown & Ives, Trustees*, 2 B. T. A. 936.   The issues presented in those appeals were quite dissimilar.   In the *Brown & Ives* appeal, *supra*, the trustees, in the exercise of their discretion, only distributed a portion of the income accruing.   Accordingly, the question there

was whether, in case of the actual exercise of discretionary power vested in the trustee and a partial distribution, the trustee should be taxed upon the income of the trust. Quite different facts entered into the *Scripps* appeal, *supra*. In the latter case there was a non-exercise of the discretionary power vested in the trustee and all of the trust income was in fact distributed, and we held that the income distributed was taxable to the beneficiary under section 219 (d) as income to be distributed within the meaning of section 219 (a) (4).

The material facts in the instant appeal are very similar to those involved in the *Scripps* appeal. In both cases all the income was distributed and had been so distributed over a considerable period of time. The reasons given in support of that decision are equally persuasive here. There may have been differences with respect to the extent of and the power to exercise the discretion reposing in the trustees in the two cases. However, to argue that such possible differences distinguish the two cases is to ignore the fundamental basis of the decision in the *Scripps* appeal. In that case the Board held that:

Whenever taxable income is to be determined, all the facts must be considered. It may be that some of the facts are creatures of the law * * * and are therefore not so readily apparent as physical or economic facts, * * * but all the facts of all kinds should be recognized and weighed. It is not sufficient to look only at the abstract legal facts or only at the more concrete and tangible facts. Hence we may not in applying the statute before us look only at the trust instrument and the rights created thereby, and closing our eyes to what has happened in relation thereto, say whether the income in question is of one or the other class. The statute, it will be noted, wisely uses terms of actuality as the criteria of liability, and we must, therefore, look not alone to the bare language of the trust instrument but to the acts of the persons most interested in its correct enforcement.

In one of the closing paragraphs it was further held that:

* * * If discretion were to be the test of liability of the trustee, Congress could easily have said so, as it did in the Revenue Act of 1924. "We can not supply the omission in the earlier act * * *."

The respondent insists that the language used in section 219 (a) (4) "*refers to income which is required to be distributed under the terms of the will or trust.*" It therefore is pertinent to examine the provisions of section 219 to determine if the contention is well founded and should prevail over the actualities of a given case as decided in the *Scripps* appeal. Section 219 (a) is identical under the two Acts and reads as follows:

Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

The additional subdivisions of section 219 of the Revenue Act of 1918 are as follows:

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that there shall also be allowed as a deduction (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, or any corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; and in cases under paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary's net income is computed. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.

The changes made in these subdivisions in the Revenue Act of 1921 were made, professedly, in the interest of clarity. (Report of the Senate Committee on Finance.) The pertinent provisions, which remain essentially the same, are as follows:

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, or, if his taxable year is different from that of the estate or trust, then there shall be included in computing his net income his distributive share of the income of the estate or trust for its taxable year ending within the taxable year of the beneficiary. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits, in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.

Additional subdivisions added by the Revenue Act of 1921 are as follows:

(e) In the case of an estate or trust the income of which consists both of income of the class described in paragraph (4) of subdivision (a) of this section and other income, the net income of the estate or trust shall be computed and a return thereof made by the fiduciary in accordance with subdivision (b) and the tax shall be imposed, and shall be paid by the fiduciary in accordance with subdivision (c), except that there shall be allowed as an additional deduction in computing the net income of the estate or trust that part of its income of the class described in paragraph (4) of subdivision (a) which, pursuant to the instrument or order governing the distribution, is distributable during its taxable year to the beneficiaries. In cases under this subdivision there shall be included, as provided in subdivision (d) of this section, in com-

puting the net income of each beneficiary, that part of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable during the taxable year to such beneficiary.

(f) A trust created by an employer as a part of a stock bonus or profit-sharing plan for the exclusive benefit of some or all of his employees, to which contributions are made by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, shall not be taxable under this section, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him. Such distributees shall for the purpose of the normal tax be allowed as credits that part of the amount so distributed or made available as represents the items specified in subdivisions (a) and (b) of section 216.

The purpose of Congress in enacting section 219 of the Revenue Acts of 1918 and 1921, as set forth in subdivision (a), was to tax the income of estates or of any kind of property held in trust. The all-inclusive term " any kind of property held in trust " clearly indicates that all such income was to be taxed, irrespective of the specific inclusions set forth in paragraphs (1) to (4) of that subdivision. If doubt should exist concerning the aforesaid proposition, the same is dispelled by the clause (underscored below) added to subdivision (c) of section 219 of the Revenue Act of 1921, to make the first part of that subdivision read as follows:

(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) *or in any other case within subdivision (a) of this section except paragraph (4) thereof* \* \* \*.

It is also quite clear that the imposing clause contained in subdivision (a) provides that the tax shall be paid by the fiduciary unless otherwise provided. From the general imposing clause the statute turns to the specific classifications that are to be included within subdivision (a).

A variety of means are available to the trustor by which he may control the distribution or withholding of income from property placed by him in trust. The discretion of the fiduciary may be restricted or it may be absolute. Most certainly Congress had in mind the taxation problems incident to property held in trust. Whether Congress intended that the income resulting from property held in trust, as classified in paragraphs (1) to (4) of subdivision (a), should be considered in accordance with what is required by the terms of the trust instrument, as contended for by respondent, or in accordance with the actualities of the case, as held in the *Scripps* appeal, *supra*, we can only determine by reference to the language used to express the legislative will.

A careful consideration of the provisions of section 219 leads away from rather than toward the position taken by the respondent.

The intention of the statute is to let the tax be imposed in accordance with what actually transpired. Paragraph (1) of that subdivision, when read in connection with subdivisions (c) and (d), provides that, in determining the net income taxable to the estate, amounts properly paid or credited to any legatee, heir, or other beneficiary are deductible and are taxable to the latter. It matters not whether the payment or credit be pursuant to the terms of the law, an order of the court, or by the exercise of discretion by the personal representative who, it is generally recognized, may "properly" make such voluntary payments and is entitled to credit in his accounts therefor, so long as it does not exceed the recipient's share or prejudice creditors. Here Congress was dealing with the class of income that might or might not be distributed. Though a distribution might be made at the discretion of the fiduciary, a deduction was expressly allowed in the event of a distribution. Paragraph (2) of subdivision (a) when read with subdivision (c), provides that where "income [is] accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests * * * (c) * * * the tax shall be * * * paid by the fiduciary." This paragraph, dealing with what actually transpires, taxes income which is in fact accumulated. It says nothing about "under the terms of a will or trust," though the fact that such words were contained in the congressional vocabulary is evidenced by their use in the succeeding paragraph. Paragraph (3) treats of "income held for future distribution under the terms of the will or trust." It could hardly be contended under this paragraph that income actually distributed by a trustee, who had the discretion to distribute or hold for future distribution, was taxable to the trustee as income being "held for future distribution." Also, it is to be noted, in such a case, the terms of the will or trust would have been complied with, as the trustee had the discretionary power to so distribute. Thus, the intention again seems to be to let the tax be imposed in accordance with what actually occurred. Paragraph (4) reads in part: "Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals." Had this paragraph read as follows: "*Income which is, or is to be,* distributed to the beneficiaries periodically, whether or not at regular intervals," it would not be open to doubt that, as in the case of the three preceding paragraphs, the tax would follow in accordance with what occurred. In subdivision (d) it is provided that in cases coming under paragraph (4) the beneficiaries shall include their distributive share of income "whether distributed or not." The question, therefore, arises whether the words "is to be distributed," appearing in paragraph (4), were not intended primarily to meet the situation of income distributable which had not actually been

distributed. In any event, we do not think the words "is to be distributed" refer to the terms of the will or trust instrument. Had Congress so intended, it would, no doubt, have used the words "the terms of the will or trust," as it did in the preceding paragraph.

But grant for the moment that it does, and that it is discretionary with the fiduciary whether he will distribute, accumulate, or hold for future distribution, and suppose that he elects to distribute. In such a case is it not true that the income "is to be distributed" from the time he makes the election? The word "periodical" means at stated or regular recurring intervals, but the statute itself changes the meaning by adding "whether or not at regular intervals." As so changed, its import presents latitude of thought and interpretation of no decisive result. By reason of the fact that in paragraphs (1), (2), and (3) the tax follows the income, though the destination of the income is determined by the exercise of discretion on the part of the fiduciary, we think much clearer and more explicit language would have to be found in paragraph (4) to justify a construction at variance with the principle applying to the income comprehended within any of the three preceding paragraphs.

Even were we to adopt the Commissioner's interpretation that the statute refers to income which is "required to be distributed under the terms of the will or trust," it would not be conclusive against the petitioner. Since to her it did "seem best" to so distribute, she was required to do so by the terms of the will. Discretion such as is vested here must be honestly and intelligently exercised. If a court order "required" that she distribute the income, would that not be "income required to be distributed under the terms of the will or trust?" Is the situation changed by reason of a voluntary distribution being made without court order and being subsequently approved by a court order? In some particulars the facts in the case at bar resemble those under consideration in the case of *Ordway* v. *Wilcutts*, 12 Fed. (2d) 105, wherein it was held that income from a trust was taxable to the beneficiaries and not to the trustee under the Revenue Acts of 1918 and 1921.

We are of the opinion that, under the facts of this case, the income involved falls within the class of income specified in section 219 (a) (4) of the Revenue Acts of 1918 and 1921, which was intended to let the tax follow the income and making it taxable to the respective beneficiaries herein. Under our interpretation of section 219, it becomes unimportant further to consider the provisions of article 342 of Regulations 45 and 62. As was stated in the *Scripps* appeal, *supra*, article 342 "can not serve to modify the statute so as to impose a tax upon the trustees which the statute itself does not impose."

*Judgment will be entered on 15 days' notice, under Rule 50.*