JACOB F. BROWN, TRUSTEE, AND RAY SLATER MURPHY, BENEFICIARY, UNDER THE WILL OF H. N. SLATER, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8191. Promulgated December 9, 1927.

*M. B. Angell, Esq.*, and *Blount Ralls, Esq.*, for the petitioners.
*R. E. Copes, Esq.*, for the respondent.

**OPINION.**

SMITH: The question presented is whether the trustee is liable to income tax upon the income of the trust from January 1, 1920, to the date of distribution to the beneficiaries in 1920, or whether the petitioners are liable to income tax in respect of such income. The petitioners contend that the trustee is not liable to income tax upon the income. The trustee filed an information return on Form 1041 for 1920, which return showed no tax due from the trustee. The

respondent contends that under section 219 of the Revenue Act of 1918 the rents, profits, and income of the trust from January 1, 1920, were properly taxable to the trustee and not to the beneficiaries.

Section 219 of the Revenue Act of 1918 provides as follows:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that there shall also be allowed as a deduction (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, or any corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; and in cases under paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary's net income is computed. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.

In *Mary L. Barton, Trustee*, 5 B. T. A. 1008, we said at page 1014:

It is also quite clear that the imposing clause contained in subdivision (a) provides that the tax shall be paid by the fiduciary unless otherwise provided. From the general imposing clause the statute turns to the specific classifications that are to be included within subdivision (a).

and at page 1015 we said:

The intention of the statute is to let the tax be imposed in accordance with what actually transpired * * * Paragraph (3) treats of "income held for future distribution under the terms of the will or trust." It could hardly be contended under this paragraph that income actually distributed by a trustee, who had the discretion to distribute or hold for future distribution, was taxable to the trustee as income being "held for future distribution." Also, it is to be noted, in such a case, the terms of the will or trust would have been complied with, as the trustee had the discretionary power to so distribute. Thus, the intention again seems to be to let the tax be imposed in accordance with what actually occurred.

If this be true of the income of a discretionary trust paid over to beneficiaries, *a fortiori*, it is true of the income distributed to the beneficiaries in the instant case, which income was distributed in accordance with the express provisions of the instrument creating the trust. We regard it as immaterial that the income of the trust fund was to be accumulated for a period of years, which period came to an end during the taxable year. The income received by the trustee in 1920 was not held for future distribution under the terms of the will or trust for the entire year. It was paid over to the beneficiaries during the year. The trustee was merely the conduit through which they received their income. The conduit should not be charged with income tax in respect of the income paid over to the beneficiaries during the taxable year.

Reviewed by the Board.

*Judgment will be entered for the petitioners.*