PINE RIDGE MINES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21329.   Promulgated May 4, 1931.

*E. B. Wilkinson, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

OPINION.

TRAMMELL: The sole issue for consideration here is whether or not the petitioner is entitled to a credit, against the amount of the deficiency determined by the respondent for 1920, in the amount of $6,101.99, being the amount contributed by the petitioner to the payment of the total tax of the three corporations shown on the consolidated return filed for the taxable year, under the circumstances disclosed in our findings of fact above.

These corporations were affiliated during the years 1917 and 1918, *W. S. Bogle & Co. et al.*, 5 B. T. A. 541; affd., 26 Fed. (2d) 771, but respondent held that they were not affiliated during the taxable year 1920, and the correctness of that holding is not questioned by the petitioner in this proceeding. However, while not entitled to have their tax liability for 1920 computed upon a consolidated basis, these corporations were closely associated and apparently under the same management in said year, since the return of each was executed by W. S. Bogle, as president, and Harry A. Stark, as treasurer.

A consolidated return was filed for the taxable year, showing a total tax of $38,889.38, which was paid by W. S. Bogle & Company. Of this amount, the petitioner contributed $6,101.99. Upon audit of the consolidated return, the tax liability of each corporation was recomputed on a separate basis, and against the separate tax of the reporting corporation, that is, the corporation which paid to the Government the entire tax, respondent credited the $38,889.38 paid by that corporation upon the total net income shown on the consolidated return.

The petitioner claims that the respondent erred in so doing, and that it is entitled to have credited against its individual tax the amount contributed by it to the payment of the tax shown on the consolidated return. The petitioner argues that W. S. Bogle & Company, the principal reporting corporation, acted as agent for the subsidiaries in the payment of the total tax of the group.

We think there is no merit in the petitioner's contention. The respondent refunded or credited to W. S. Bogle & Company the

entire amount of the consolidated tax, including the contribution thereto of the petitioner, and if said corporation was the agent of the petitioner, as contended by it, payment of the money to its agent was payment to the petitioner. We think that the respondent correctly credited the entire amount to W. S. Bogle & Company. That corporation paid the amount to the Government upon the basis of a consolidated return. The information return filed by the petitioner stated that W. S. Bogle & Company would pay the entire tax. The petitioner, not having paid to the Government its tax liability, is not entitled to any credit in computing its tax liability for tax paid by another corporation. We think that the cases cited by the petitioner in its brief are distinguishable on their facts from the principle here involved.

For all the record discloses the Commissioner had no knowledge of any contributions made by the separate corporations to W. S. Bogle & Company, and we see no reason why he should inquire as to whether any other corporation made a contribution to the corporation paying the tax.

The petitioner did not make the payment to the Government and is not entitled to a credit therefor on a separate basis. Only the taxpayer which pays a tax to the Government can be said to be entitled to a credit when it is determined that such tax so paid exceeds the correct tax liability. See *Alexander Vayssie*, 8 B. T. A. 587. It may well be, for all that the record discloses, that W. S. Bogle & Company has heretofore accounted to the petitioner for any portion of the tax overpaid to which it might have been entitled. The action of the respondent on this issue is approved.

*Judgment will be entered for the respondent.*