ROBERT C. ROEBLING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45935. Promulgated July 11, 1933.

*Arthur O'Brien, Esq.*, and *J. W. Cushman, Esq.*, for the petitioner.
*John J. Pigg, Esq.*, for the respondent.

648

OPINION.

McMahon: We shall first determine the basis to be used in the computation of the gain derived by the petitioner upon the sale by him in 1925 for $69,746.87 of certain securities which had been delivered to him on September 22, 1925, the date petitioner came of age, by trustees in accordance with the terms of his father's will. We are governed by section 204 (a) (5) of the Revenue Act of 1926,[1] which provides that the basis in the case of property acquired by bequest, devise, or inheritance, shall be the fair market value of such property at the time of such acquisition. The respondent held that the securities were acquired by the petitioner at the date of the death of the testator, May 29, 1921, and that the proper basis is their value

---

[1] Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

  *   *   *   *   *   *   *

(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. * * *

at that time, which value was $53,627.28. The petitioner, on the other hand, contends that he acquired them on September 22, 1925, the date they were delivered to him by the trustees, and that the proper basis is their value at that time, $67,926.67.

By the terms of the will the trustees were to take shares into which the residuary estate was divided and hold them in trust, one for the benefit of each surviving child of the testator who had not reached the age of 21 years, with the direction to pay over one such share, together with accumulated income, to each child upon his or her attaining the age of 21 years. It was provided, however, that if any child died before attaining the age of 21 years, leaving no living descendants, the share to which such child would otherwise have been entitled should be divided equally and added to the remaining shares.

Petitioner contends that at the date of his father's death he received only a contingent interest in the share and that he did not receive a vested interest until September 22, 1925. Respondent contends that petitioner received a vested interest in the property at the date of the death of his father.

The will was probated in New Jersey and the law of that state is binding upon us in the interpretation of the will and in the determination of the character of interests created thereby. *Uterhart* v. *United States*, 240 U.S. 598; and *E. K. Wood Lumber Co.*, 25 B.T.A. 1013.

We find nothing in any of the cases cited by the petitioner to sustain his contention that his interest in a share of his father's estate was contingent at the date of the death of his father. The case of *Uterhart* v. *United States*, *supra*, cited by the petitioner in this regard is distinguishable. There the will provided " that *the whole* of his residuary estate, real and personal, should, *so far as necessary*, be applied to the support and education of his minor children * * * during the minorities if Carl Stein survives such period." It was clear there that the testator did not *intend* that any vested interest should pass, until Carl Stein reached the age of 21 years or until Carl Stein died, neither of which contingencies had occurred at the time in question in that case. Two of the cases cited by the petitioner fail to sustain petitioner's contention. On the other hand, they support respondent's position. Those cases are *Dusenberry* v. *Johnson*, 59 N.J.Eq. 336; 45 Atl. 103; and *Neilson* v. *Bishop*, 45 N.J.Eq. 473; 17 Atl. 962. In *Dusenberry* v. *Johnson*, *supra*, the court was concerned with a will which contained the following provisions:

\* \* \* (1) I direct my executors to invest immediately upon my decease the sum of two thousand dollars, and to pay the income thereof at stated and convenient intervals to the guardian or guardians of Nathaniel Johnson and Charles S. Johnson, children of my son Nathaniel Johnson, until they respectively become of the age of twenty-one years, to be divided between said children in equal shares, or, if one shall die before reaching that age, to the guardian or survivor of them, and, when they respectively attain that age, to pay each of said children one thousand dollars of said principal sum; if one only shall live to attain that age, then that one to receive the entire sum of two thousand dollars; and, if both shall die before attaining said age, I direct that said sum shall be held and disposed of as is hereinafter provided. \* \* \* and I further direct that, if the children of my said son both die before attaining the age of twenty-one years, the sum of two thousand dollars above given to them be paid to him. \* \* \*

In regard to the above provisions, the court stated:

As to the first question: I think it quite clear that the legacy vested in the two grandchildren, subject to be divested in favor of their father in case they both died before attaining 21 years. The giving of the interest to the grandchildren during their minority shows that the testator, to use the language of Lord Mansfield in *Goss* v. *Nelson*, 1 Burrows, 227; attached the contingency to the time of the payment, and not to the substance of the gift. \* \* \*

In *Neilson* v. *Bishop, supra,* upon facts substantially similar to those in *Dusenberry* v. *Johnson, supra,* the court held that the interest vested upon the date of the death of the testator. The court there stated:

According to well-established principles, the legacy in question must be held to have vested in Alexander McC. Bishop. The general policy of the law and the rules of interpretation require that legacies in all cases, unless clearly inconsistent with the intention of the testator, should be held to be vested, rather than contingent. *Van Dyke's Adm'r.* v. *Vanderpool's Adm'r.,* 14 N.J.Eq. 198–207. Where the time specified in the bequest is annexed to the payment only, as where a legacy is given payable or to be paid when the legatee attains 21 years, (or on the happening of any other certain or uncertain event,) the legacy vests immediately on the death of the testator. It is a present gift. The time of payment only is postponed. But where the time of payment is annexed, not to the payment only, but to the gift itself, as when the legacy is given to the legatee at 21, or if or when he attains the age of 21, the legacy does not vest until the legatee attains that age. The gift is upon the condition that the legatee shall attain the age specified. *Gifford's Adm'r.* v. *Thorn,* 9 N.J.Eq. 702–705. The fact that the enjoyment is uncertain never interferes with the vesting of an estate. Where the contingency is not in the person, but in the event, (when the enjoyment shall commence,) or in the time of the enjoyment, the interest is vested. \* \* \*

To the same effect are *Fidelity Union Trust Co.* v. *Roland,* 132 Atl. 673 (N.J. 1926); and *Traverso* v. *Traverso,* 133 Atl. 705 (N.J. 1926).

See also *Hospital Trust Co.* v. *Moise*, 126 R.I. 323; 58 Atl. 999, wherein the facts are similar to those of the instant proceeding, and wherein *Dusenberry* v. *Johnson*, *supra*, was cited with approval.

It is our opinion that the intention of the testator, as evidenced by the will, was that the various shares into which his estate was divided should vest immediately upon his death, and that the time specified in the will was annexed to the payment only and not to the gift. It will be noted from *Neilson* v. *Bishop*, *supra*, that there is a presumption that legacies are vested rather than contingent, unless clearly inconsistent with the intention of the testator. We accordingly hold that at the time of the death of the petitioner's father the petitioner received a vested interest in his share, which included the securities in question. The trustees took only a bare legal title. They held the securities for the benefit of the petitioner, and, upon the transfer of the property to him, the title which was received by the petitioner related back to the date of the death of the testator. In this situation the date of the death of the testator was "the time of such acquisition" within the meaning of section 204 (a) (5) of the Revenue Act of 1926. *Brewster* v. *Gage*, 280 U.S. 327; *Chandler* v. *Field*, 58 Fed. (2d) 370; affd., 63 Fed. (2d) 13; and *Security Trust Co. et al., Trustees*, 25 B.T.A. 29. To the same effect are *Rodman E. Griscom*, 22 B.T.A. 979; *Huggett* v. *Burnet*, 64 Fed. (2d) 705; and *George Emlen Roosevelt*, 28 B.T.A. 194, all of which involved remainder interests.

The respondent's determination that the value of the securities at the date of the death of the testator is the proper basis for the computation of gain or loss and his determination of the gain derived upon the sale are approved.

During the part of the calendar year 1925 when the petitioner was a minor, that is, the period January 1 to September 21, 1925, the income to the trust property amounted to $59,031.90. The will provided that the trustees might distribute to the use and benefit of the petitioner as much of this income as in their discretion they deemed advisable for the education, support and maintenance of the petitioner. During such period the trustees did, in their discretion, distribute to the petitioner's use or benefit the amount of $21,657.70. The remainder of such income for such period, $37,374.20, was not distributed to the petitioner by the trustees during that period, but was transferred to him on September 22, 1925, the date upon which he reached his majority and the date upon which, under the will, the trustees were required to pay over to him all of the corpus and accumulated income. The respondent has included both these amounts in the gross income of the petitioner for the year 1925. It

is petitioner's contention that this action of the respondent was erroneous. There are set forth in the margin provisions of section 219 of the Revenue Act of 1926.[2]

It will be noted that section 219 (b) (3) of the Revenue Act of 1926 provides that in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as a deduction to the trust " the amount of income of the estate or trust for its taxable year which is properly paid or credited during such year * * * but the amount so allowed as a deduction *shall be included in computing the net income of the * * * beneficiary.*" Clearly, under the provisions of section 219 (b) (3) the amount of $21,657.70 which was paid or distributed to the use or benefit of the petitioner in the discretion of the trustees is taxable to the petitioner and not to the trust. We hold that the respondent did not err in taxing this amount to the petitioner. The remainder of the income to the trust property during the period January 1 to September 21, 1925, was retained by the fiduciaries in the exercise of their discretion and was paid over to the petitioner when he attained the age of 21 years, on September 22, 1925. At that time the fiduciaries had no discre-

---

[2] SEC. 219. (a) The tax imposed by Parts I and II of this title shall apply to the income of the estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

(4) Income which, in the discretion of the fiduciary may be either distributed to the beneficiaries or accumulated. ·

(b) * * * the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—

* * * * * * *

(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction *shall be included in computing the net income of the beneficiaries* whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under paragraph (3) in the same or any succeeding taxable year. [Italics supplied.]

(3) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction *shall be included in computing the net income of the legatee, heir, or beneficiary.* [Italics supplied.]

* * * * * * *

tion in the matter but were required, under the terms of the will, to pay over such income, together with income accumulated in prior years and the corpus, to the petitioner. It is thus clear that the payment of $37,374.20 does not come within subdivision (3) of section 219 (b), which relates only to income which may be either distributed or accumulated in the discretion of the fiduciary.

Section 219 (b) (2) of the Revenue Act of 1926 provides that there shall be allowed as a deduction in computing the net income of the trust the amount of income of the trust for its taxable year." which is to be distributed currently by the fiduciary to the beneficiaries * * * but the amount so allowed as a deduction *shall be included in computing the net income of the beneficiaries whether distributed to them or not.*" The word " currently " is defined in Webster's New International Dictionary, 1929, as " in a current manner." The word " current " is there defined as " now passing, as time, or belonging to the present time; as, the current month."

Here the amount of $37,374.20, representing the part of the total amount of income accruing to the trust property during the period January 1 to September 21, 1925, which was not distributed during that period to the petitioner by the trustees in the exercise of their discretion, was, under the terms of the will, to be distributed to the petitioner in the year 1925 at the time the petitioner attained the age of 21 years, and it was actually paid over to the petitioner when that event occurred on September 22, 1925. As pointed out above this item of $37,374.20 does not fall within the provisions of subdivision (3) of section 219 (b). It is our opinion that such income should be considered income " to be distributed currently " within the meaning of section 219 (b) (2) and therefore, under the provisions of that section, it is income taxable to the petitioner and not to the trust.

A similar situation was presented in *Jacob F. Brown, Trustee*, 9 B.T.A. 521. There the testator had died on August 12, 1899, leaving a will providing that his property should go to trustees. The trust was to last for 20 years and 11 months after the death of the testator, the trustees to accumulate the income and distribute it and the corpus to certain beneficiaries at the expiration of the trust. In 1920 the current income to the trust property amounted to $82,686.56 and this amount, together with the principal and the income accumulated in past years, was distributed to the beneficiaries in accordance with the terms of the will. The last distribution was on November 18, 1920. The trustees and the beneficiaries filed returns on the calendar year basis. In that case we held that, under the provisions of section 219 of the Revenue Act of 1918, the income for the year 1920 which was distributed in 1920 to the beneficiaries at the expiration of

the trust was taxable to the beneficiaries and not to the trustees. We there stated in part:

In *Mary L. Barton, Trustee*, 5 B.T.A. 1008, we said at page 1014:

It is also quite clear that the imposing clause contained in subdivision (a) provides that the tax shall be paid by the fiduciary unless otherwise provided. From the general imposing clause the statute turns to the specific classifications that are to be included within subdivision (a).

and at page 1015 we said:

The intention of the statute is to let the tax be imposed in accordance with what actually transpired * * *. Paragraph (3) treats of "Income held for future distribution under the terms of the will or trust." It could hardly be contended under this paragraph that income actually distributed by a trustee, who had the discretion to distribute or hold for future distribution, was taxable to the trustee as income being "held for future distribution." Also, it is to be noted, in such a case, the terms of the will or trust would have been complied with, as the trustee had the discretionary power to so distribute. Thus, the intention again seems to be to let the tax be imposed in accordance with what actually occurred.

If this be true of the income of a discretionary trust paid over to beneficiaries, *a fortiori*, it is true of the income distributed to the beneficiaries in the instant case, which income was distributed in accordance with the express provisions of the instrument creating the trust. We regard it as immaterial that the income of the trust fund was to be accumulated for a period of years, which period came to an end during the taxable year. The income received by the trustee in 1920 was not held for future distribution under the terms of the will or trust for the entire year. It was paid over to the beneficiaries during the year. The trustee was merely the conduit through which they received their income. The conduit should not be charged with income tax in respect of the income paid over to the beneficiaries during the taxable year.

To the same effect is *Margaret B. Sparrow et al., Trustees*, 18 B.T.A. 1. In that case we stated:

* * * In a case involving facts identical with those under consideration, *Jacob F. Brown, Trustee, et al.*, 9 B.T.A. 521, this Board held that the entire annual income of a trust which terminated during the taxable year was taxable to the beneficiary and not to the trustee. That case is controlling in these proceedings. * * *

The cases of *Jacob F. Brown, Trustee, supra*, and *Margaret B. Sparrow et al., Trustees, supra*, involve section 219 of the Revenue Act of 1918, whereas we are here concerned with section 219 of the Revenue Act of 1926, and while the provisions of the two acts are not identical, they are so similar that we consider the above cited cases as governing in the instant proceeding. Section 219 of the Revenue Act of 1926 provides for taxing to the beneficiary income "which is to be distributed currently by the fiduciary to the beneficiaries", whereas section 219 of the Revenue Act of 1918 provides for the taxing to the beneficiaries of income "which is to be dis-

tributed to the beneficiaries periodically, whether or not at regular intervals." Each act provides for taxing income held for future distribution under the terms of the will or trust to the trustee. An examination of the Congressional Committee Reports upon the Revenue Bill of 1924, which first set forth the provisions with which we are here concerned, fails to disclose that any significance was attached by Congress to this change of phraseology. We see nothing in the difference in language between the two acts which requires a holding in the instant proceeding different from the holding in *Jacob F. Brown, Trustee, supra,* and *Margaret B. Sparrow et al., Trustees, supra.* In *Guitar Trust Estate,* 25 B.T.A. 1213, the Board construed the language of these statutes as follows:

Plainly, under the provisions of section 219 of the applicable revenue acts, the income of a fiduciary may fall into several classifications:

\*     \*     \*     \*     \*     \*     \*

(2) Income which the fiduciary is under a mandatory duty to distribute "periodically, whether or not at regular intervals" says the 1921 Act. "Currently" say the 1924 and 1926 Acts. So much of the income as falls within this classification is taxable to the beneficiaries and not to the fiduciary. And this is true, whether the income is actually distributed or not. *Estate of Henry Mayer,* 16 B.T.A. 1164.

There we held that the trust income for certain years was taxable to the fiduciary. However, there, although the fiduciary had authority to distribute the income in his discretion, he did not in fact distribute it. In that case the trust did not expire in the year in question before the Board as it did in the instant proceeding, and there was no requirement in the trust instrument for those years in that case that the trustee in such year pay over the amount which he had elected to accumulate. We there held, with regard to other years, that since the trust deed required the fiduciary to distribute the trust income each year, the income was taxable to the beneficiaries.

The petitioner contends that under the law of New Jersey the amount of $37,374.20 was, when received by the petitioner, as much of a devise as the principal of the estate, for the reason that if the testator had neglected to devise the accumulated income to the petitioner, it would have become a part of the residuary estate and petitioner would never have received any part of it. Petitioner points out that under section 213 (b) (3) of the Revenue Act of 1926,[3] gross income does not include the value of property acquired by gift,

---

[3] Sec. 213. For the purposes of this title, except as otherwise provided in section 233—

\*     \*     \*     \*     \*     \*     \*

(b) The term "gross income" does not include the following items, which shall be exempt from taxation under this title:

\*     \*     \*     \*     \*     \*     \*

(3) The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

bequest, devise, or inheritance. However, it will be noted that in such section it is specifically provided that the *income* from property acquired by gift, bequest, devise, or inheritance shall be included in gross income, and we have hereinabove held that petitioner acquired a vested interest in his share of the corpus of the trust at the time of the death of his father. Furthermore, section 213 (a) of the Revenue Act of 1926 provides that the term "gross income" includes "income derived from any source whatever." All of the income accruing to the corpus of the trust is taxable income within the meaning of section 213 (a). *Irwin* v. *Gavit*, 268 U.S. 161; *Codman* v. *Miles*, 28 Fed. (2d) 823; certiorari denied, 278 U.S. 654; and *Heiner* v. *Beatty*, 17 Fed. (2d) 743; affd., *Beatty* v. *Heiner*, 276 U.S. 598. State law is not binding upon the Federal Government in the determination of what is income for the purposes of taxation. *Burnet* v. *Harmel*, 287 U.S. 103; *Rosenberger* v. *McCaughn*, 25 Fed. (2d) 699; certiorari denied, 278 U.S. 604.

We hold that the respondent did not err in taxing the amount of $37,374.20 to the petitioner.

In its return for the year 1925 the trust included in its taxable income the amount of $37,374.20 above referred to, and paid a tax of $1,497.73 thereon. It also appears that the respondent has determined that there was an overassessment of tax in the amount of $1,497.73 against the fiduciary who filed the return, and has prepared a certificate of overassessment in that amount in favor of such fiduciary. The petitioner contends that if we hold (as we have held hereinabove) that the respondent was correct in his determination that the amount of $37,374.20 is properly taxable to the petitioner, instead of to the trust, then the amount of the overassessment against the trust should be allowed as a credit against his deficiency in tax. However, the trust and the beneficiary are, for income tax purposes, entirely separate entities, *Anderson* v. *Wilson*, 289 U.S. 20, and the "Board can not require the Commissioner to credit one taxpayer's account with a refund due another taxpayer." *Alexander Vayssie*, 8 B.T.A. 587. To the same affect are *H. B. Perine*, 22 B.T.A. 201, and *Pine Ridge Mines Co.*, 23 B.T.A. 21. In the last cited case we stated: " Only the taxpayer which pays a tax to the Government can be said to be entitled to a credit when it is determined that such tax so paid exceeds the correct tax liability." Here we do not have the trust before us.

Reviewed by the Board.

*Decision will be entered for the respondent.*

TRAMMELL dissents.

STERNHAGEN, concurring: While the earlier decisions in *Jacob F. Brown, Trustee*, 9 B.T.A. 521, and *Margaret B. Sparrow et al., Trustees*, 18 B.T.A. 1, support this decision, it is, in my opinion, contrary to the statute. Those decisions were not taken up for court review, and since the rule they announce has been effective and applied ever since, I should not now vote to upset it.

By the terms of the trust instrument and the practical construction of the trustee, the trust income in excess of the amount deemed advisable for the beneficiary's education, support and maintenance was to be and was accumulated and held for future distribution. Thus, it was squarely within section 219 (a) (1) and taxable to the fiduciary. It was not to be distributed currently within section 219 (a) (2), even though the accident of the petitioner's twenty-first birthday occurred within this taxable year and thus required final distribution of the trust *res*. Hence, the $37,374.20 which was not distributable currently in 1925, but was held for future distribution at the termination of the trust, was taxable to the trustee and not to the petitioner.

MARQUETTE and BLACK agree.