GRACE L. WRIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46223.  Promulgated February 7, 1934.

*Raymond H. Berry, Esq., Claude H. Stevens, Esq.,* and *Arthur R. Wood, Esq.,* for the petitioner.

*F. R. Shearer, Esq.,* for the respondent.

### OPINION.

MARQUETTE: The respondent has determined a deficiency in income tax against the petitioner for the year 1927 in the amount of $8,661.59.  The only question presented relates to the basis to be used in determining gain or loss under the Revenue Act of 1926 on the sale of certain stock.

H. Bryan Scott, the father of petitioner, died September 11, 1922, leaving a last will and testament which was duly admitted to probate by the Probate Court of Wayne County, Michigan.  The Detroit Trust Co. was appointed executor of and trustee under the will and duly qualified as such.  On February 21, 1923, the Detroit Trust Co., as executor, transferred to itself, as trustee, certain assets named in the will, among which were 5,250 shares of Newcomb-Endicott Co. stock.

The last will and testament of said H. Bryan Scott provided in part as follows:

SEVENTH: All of the rest, residue and remainder of my property, of every kind and nature, both real, personal and mixed, now or hereafter acquired, and wheresoever the same be situate, I give, devise and bequeath unto the DETROIT TRUST COMPANY, a Corporation organized under the laws of Michigan, its successors and assigns, BUT IN TRUST NEVERTHELESS, for the following uses and purposes, and subject to the powers and provisions herein set forth, viz:

# 1034

(a) Said TRUSTEE shall divide the same into two equal shares, and hold one share for the benefit of my daughter, GRACE LOUISE WRIGHT, and one share for my half sister, MRS. LOUISE GRIFFITH and my nephew, BRUCE GRIFFITH.

(b) Said TRUSTEE shall invest and reinvest all moneys, properties and securities held for the benefit of my daughter, GRACE LOUISE WRIGHT, in such secured notes, bonds, mortgages, and other proper trust securities as, in its judgment, shall seem best, and pay the net income therefrom, in quarterly installments, unto my daughter, until she attains the age of forty (40) years.

On the date my said daughter attains the age of thirty (30) years, said TRUSTEE shall assign, transfer and convey to her one-third (⅓) of all moneys, properties and securities held for her benefit, under the terms of this instrument.

On the date my said daughter attains the age of thirty-five (35) years, said TRUSTEE shall assign, transfer and convey to her one-half (½) of all moneys, property and securities then held by it under the terms of this instrument for the benefit of my daughter.

On the date my said daughter attains the age of forty (40) years, said TRUSTEE shall assign, transfer and convey to her all moneys, properties and securities then held for her benefit under the terms of this instrument, and said trust shall terminate.

If my said daughter shall die before she attains the age of forty (40) years, leaving issue her surviving, then upon her death, I give, devise and bequeath all moneys, properties and securities then held by said TRUSTEE under the terms of this instrument for the benefit of my said daughter, unto her issue, in equal shares.

If my said daughter shall die before she attains the age of forty (40) years, leaving no issue her surviving, then upon her death, said trust shall terminate, and I give, devise and bequeath all money, property and securities then held by said TRUSTEE for the benefit of my daughter under the terms of this instrument, unto her heirs-at-law, in accordance with the laws of the State of Michigan, governing the descent and distribution of property of intestates.

If at any time during the continuance of the trust created by this instrument for the benefit of my daughter, by reason of illness, misfortune or other emergency, the net income to be paid to her from the said trust estate, (together with such other income as she may have from all other sources), is, in the judgment of my said TRUSTEE, insufficient for her proper maintenance and support, then I direct my said TRUSTEE to use such portion of the principal of said trust estate as, in its judgment, is necessary for her proper maintenance and support, and pay the same unto my said daughter.

\*       \*       \*       \*       \*       \*       \*

(c) Upon the division of my Estate into the two trusts created by this instrument, my said TRUSTEE shall divide the same in kind, as far as possible, but its decision as to any property or securities, real or personal, to be set aside for each trust, shall be final.

\*       \*       \*       \*       \*       \*       \*

Said TRUSTEE, in its discretion, may retain in the trust estates any properties, real or personal, in the form of investment in which such property is received by the TRUSTEE under this Will, even though the same is not a trust investment \* \* \*.

The trustee held the 5,250 shares of Newcomb-Endicott Co. stock under the terms of the will until August 8, 1925, at which time it delivered them to the petitioner, as beneficiary under the said trust.

The fair market value of the 5,250 shares of Newcomb-Endicott Co. stock on the various dates has been stipulated as follows:

September 11, 1922, the date of decedent's death_____ $91,875.00
February 21, 1923, the date of transfer to trustee_____ 115,500.00
August 8, 1925, the date of delivery to petitioner_____ 160,125.00

On February 1, 1927, petitioner sold the above described stock for $158,346.50, and in her income tax return for that year claimed a cost basis of $162,732 (since adjusted by the stipulation of the parties to $160,125), being the value of the stock acquired by the trustee from the estate of H. Byron Scott, deceased, at the time it was delivered to her, which resulted in a loss. The respondent determined the basis to be $91,875, the value at which it was included in the estate of H. Byron Scott, deceased, and which is stipulated to have been its fair market value at the time of decedent's death. The deficiency herein results from this change of basis.

The petitioner relies upon two points to sustain her contention: (1) That for tax purposes she did not "acquire" the stock sold until it was distributed to her by the trustee of the H. Byron Scott trust, because the intervening trust prevented petitioner from exercising actual control over the stock until it was distributed to her; and (2) that for tax purposes she did not "acquire" the stock sold until it was distributed to her by the trustee because her interest in the stock, until its distribution, was contingent. On the other hand, the respondent asserts that the petitioner's interest in the stock was vested on September 11, 1922, the date of the testator's death, and under the applicable law the stock was acquired on that date.

Section 204 (a) (5) of the Revenue Act of 1926, provides:

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

. *   *   *   *   *   *   *

(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. * * *

We find no merit in the petitioner's first contention. In all the cases which have come to our attention, either before the Board or in the courts, there was a period of time wherein the beneficiary was prevented from exercising actual control of the subject matter, and it is well settled that an intervening trust will not prevent the vesting of an estate. See *Brewster* v. *Gage*, 280 U.S. 327; *Chandler* v. *Field*, 63 Fed. (2d) 13; certiorari denied, 289 U.S. 758; *Huggett* v. *Burnet*, 64 Fed. (2d) 705; *Security Trust Co.*, 25 B.T.A. 9; *Rodman E. Griscom*, 22 B.T.A. 979; *George Emlen Roosevelt*, 28 B.T.A. 194; *Robert C. Roebling*, 28 B.T.A. 644.

In our opinion the decision of the question herein rests upon the petitioner's second contention; that is, whether the petitioner's interest was vested at the death of the testator, and the law of Michigan is controlling as to the character of the interest created by the will. It is admitted by petitioner, on brief, that the general rules relating to the construction of wills prevails in Michigan, and we have been pointed to two rules which petitioner claims show that the interest received under the will was contingent. They say, first, "that if futurity is annexed to the substance of the gift, the vesting is suspended; but if it appears to relate to the time of payment only, the legacy vests *instanter*," and, secondly, "where there is no gift but by a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting will not take place until that time arrives." The primary rule, however, is that the intention of the testator must govern, and if this intention can be gathered from the will itself, it must be given effect. We believe that a proper construction of the will fails to disclose an intention either to annex futurity to the substance of the gift or to create a contingent interest. The gift is to the trustee for the benefit of the petitioner, and any futurity is annexed to the time of payment and not to the gift. Nor do we think the rule of "pay or divide" is applicable. The will clearly shows an intent to make a present gift, in trust, with the payment postponed.

The terms of the will in *Chandler* v. *Field, supra,* are almost identical with the terms of the instrument herein. There the testatrix, after certain specific bequests and devises, bequeathed and devised the remainder of her property to her husband for life, then to trustees to pay an annuity to her maid for life, and to pay the balance of the income to her son, and, in addition, one third of the principal when he reached 30 years of age, one third when he reached 35, and the remainder when he reached 40. If the son died before the termination of the trust, the principal was to go to his children surviving him and, in default of children, to be divided among a named person and certain charities. The father of the taxpayer having died, the taxpayer received in 1920, as part of the distribution of the principal when he reached 35, 660 shares of stock of a corporation, and when he reached 40 he received 93 shares of stock in the same corporation. In 1925 he sold the 753 shares, and in computing gain the Commissioner used the value of the shares at the death of the testatrix. The court held that the will, properly construed under New Hampshire law, gave the taxpayer a vested interest in the entire principal of the trust fund at the time of the decedent's death and that the time of payment only was postponed; that the stock was acquired at the time of his mother's death; and that the market value at that time was the proper basis for computing gain.

We are unable to discern any difference between that case and this, and we have been pointed to nothing in the law of Michigan which would lead to a different conclusion. We therefore hold that the petitioner herein took a vested interest in the shares of stock at the time of her father's death, subject to being divested by the gifts over if she died before the named events, and that under the provisions of section 204 (a) (5) of the Revenue Act of 1926 she "acquired" the stock at that time. The action of the respondent in using the fair market value of the stock at the date of the father's death as the basis for computing gain on the sale thereof was proper, and must be approved.

*Judgment will be entered for the respondent.*